UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY BELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 21-cv-4056-MMM |
| SHAN JUMPER, | ) ) ) |
| Defendant. | ) ) |

### MERIT REVIEW ORDER

Plaintiff, a civil detainee at the Rushville Detention and Treatment Center, seeks leave to proceed *in forma pauperis*. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

### FACTS

Plaintiff is no stranger to this Court, having filed 41 lawsuits while civilly detained at the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons

1

Commitment Act, 725 ILCS 207/1, *et seq*. Here, Plaintiff alleges that on March 11, 2021, a security guard overheard Plaintiff threatening another resident, saying "snitches get stitches" and that the other resident would have his "ass beat." Plaintiff was cited and confined to his cell for four and a half days in administrative segregation.

Plaintiff claims that the disciplinary report was "unconstitutional" because it did not identify the victim or the individual who made the report. The Behavioral Committee held a hearing on the charges and Plaintiff refused to attend. He does not indicate whether he was convicted of the offense or whether he suffered discipline as a result. He does not implicate the sole Defendant, Clinical Director Shan Jumper, in issuing the disciplinary report or participating in the Behavioral Committee hearing. Plaintiff claims, however, that Defendant Jumper violated his rights to due process when he did not "seek out" the alleged victim to determine whether Plaintiff had made the remarks.

Plaintiff also asserts claims against Defendant for confining Plaintiff to his cell. In the first, Plaintiff alleges that Defendant subjected him to cruel and unusual punishment by ordering him confined to undergo mental health assessments to determine whether he posed a danger to himself or others. In the second, Plaintiff inconsistently pleads that during this same time, Defendant ordered him confined for refusing to appear at the Behavioral Committee hearing. Plaintiff identifies the latter as a violation of his Fifth Amendment right against self-incrimination. Plaintiff rounds all of this off by claiming that Defendant acted in retaliation for a prior lawsuit Plaintiff had filed against him. Plaintiff requests compensatory damages and costs.

## ANALYSIS

Since Plaintiff is a civil detainee rather than convicted prisoner, his § 1983 claim is reviewed under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth

Amendment. *Smego v. Payne*, 469 Fed.Appx. 470, 474 (7th Cir. 2012). To successfully proceed on his claims, Plaintiff must successfully plead that Defendants' conduct was objectively, rather than subjectively unreasonable. In other words, that Defendants "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2nd Cir. 2017). This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda v. County of Lake*, 900 F.3d 335, 2018 WL 3796482 at *12 (7th Cir. 2018).

Plaintiff claims that Defendant Jumper violated his due process rights when he did not speak to the alleged victim to determine whether Plaintiff had made the remarks. Plaintiff offers nothing to support that it was the duty of the Clinical Director to undertake this investigation. While Plaintiff claims that there were deficiencies in the disciplinary report, he does not claim that Defendant authored the report or was responsible for the claimed deficiencies. It is well-recognized that §1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.2001) (quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir.2001)).*See also, Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009),  "[p]ublic officials do not have a free-floating obligation to put things to rights, disregarding rules (such as time limits) along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job..." Plaintiff fails to successfully plead a due process claim against Defendant Jumper.

Plaintiff also asserts a Fourteenth Amendment claim, that Defendant subjected him to cruel and unusual punishment by confining him to a segregation cell for four and a half days. Plaintiff does not claim, however, that he was held under atypical conditions. As a result, he fails

to identify an excessive risk to his health or safety to which Defendant Jumper failed to reasonably respond. *Darnell*, 849 F.3d at 35.

Plaintiff also asserts a Fifth Amendment claim against Defendant Jumper, an employee of the Illinois Department of Human Services. Plaintiff may not proceed under the Fifth Amendment, however, where the Defendant is a state, rather than federal actor. *Narcizo v. Indiana*, No. 1300333, 2013 WL 6036933, at *2 (S.D. Ind. Nov. 14, 2013) (citing *Jackson v. Byrne,* 738 F.2d 1433 (7th Cir.1984)). The privilege against self-incrimination may, however, be asserted against state actors through the Fourteenth Amendment. *Homoky v. Ogden*, 816 F.3d 448, 452–53 (7th Cir. 2016). See *Nuzzi v. Nguyen*, 07-2238, 2008 WL 11456278, at *1 (C.D. Ill. Oct. 20, 2008) (construing self-incrimination claim pled under the Fifth Amendment as arising under the Fourteenth Amendment). "It is commonplace for litigants and the courts to refer to the Fifth Amendment, rather than the Fourteenth, when discussing state actors and the right against self-incrimination…The plaintiffs' failure to invoke the Fourteenth Amendment is not fatal to their claim, especially where, as here, the defendant understands the gist of the allegation." *See id*.at *1.

However, while the privilege against self-incrimination applies to criminal matters, it does not apply to prison disciplinary hearings. "The Fifth Amendment, therefore, does not prevent prison authorities from civilly disciplining an inmate for refusing to answer questions where there is no possibility that the answers would be used against the inmate in a criminal proceeding." *Valentino v. Keller*, No. 91-7657, 1993 WL 50722, at *4 (N.D. Ill. Feb. 25, 1993) (citing *Baxter v. Palmigiano,* 425 U.S. 308 (1976)). Here, Plaintiff does not assert that his answers could have been used against him in a criminal proceeding, and fails to state a colorable claim.

Plaintiff also pleads that Defendant's actions were motivated by retaliation for Plaintiff's prior lawsuit against him. To effectively allege retaliation, a plaintiff must claim that he was engaged in some protected First Amendment activity, that he experienced an adverse action that would likely deter such protected activity in the future, and that the protected activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Bridges v. Gilbert,* 557 F.3d 541, 552 (7th Cir. 2009).

At the onset, Plaintiff fails to effectively plead that Defendant took adverse action against him. This is so, as he asserts only that Defendant kept him four and a half days in administrative segregation due to his mental health status; and for refusing to appear at the disciplinary hearing. *See Valentino*, 1993 WL 50722, at *4 (inmate may be civilly disciplined for refusing to answer questions at disciplinary hearing, where self-incrimination is not at issue). Even if Defendant's actions were regarded as adverse, Plaintiff himself, pleads non-retaliatory reasons for Defendant's actions. If the same action would have occurred regardless of the retaliatory motive, the claim fails. *See Spiegla v. Hull,* 371 F.3d 928, 942 (7th Cir. 2004). *See also*, *Sanders v. Bertrand*, 72 Fed.Appx. 442, 2003 WL 21490953 (7th Cir. June 27, 2003) (dismissing retaliation claim at merit review as "rest[ing] only on personal beliefs that cannot be substantiated."

As previously noted, Plaintiff requests compensatory damages, alleging that he has suffered mental anguish and stress, but not physical injury. However, 42 U.S.C. (§ 1997e(e), does not allow recovery for mental or emotional injury without a showing of physical injury. *See Thomas v. Illinois,* 697 F.3d 612, 614–15 (7th Cir. 2012); *Zehner v. Trigg,* 952 F.Supp. 1318, 1321–23 (S.D.Ind.1997). Plaintiff may not proceed on this claim for relief.

**IT IS THEREFORE ORDERED:**

Plaintiff's Petition to Proceed in forma pauperis [ECF 3] and to waive the initial filing fee [ECG 6] are DENIED. The complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 21 days from the entry of this order in which to replead his claims. The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

 7/29/2021
ENTERED

       s/Michael M. Mihm
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE